STATE OF CONNECTICUT *v.* BARRIE WILSON
(AC 23255)

Lavery, C. J., and Schaller and Bishop, Js.

---

Argued February 10—officially released May 18, 2004

David V. DeRosa, special public defender, for the appellant (defendant).

Eileen F. McCarthy, assistant state's attorney, with whom, on the brief, were James E. Thomas, state's attorney, and Richard J. Rubino, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Barrie Wilson, appeals from the judgment of conviction, rendered after a jury trial, of eight counts of failure to pay wages in violation of General Statutes § 31-71b.[1] On appeal, the defendant

---

[1] General Statutes § 31-71b provides in relevant part: "(a) Except as otherwise provided in section 12-34b, each employer, by himself, his agent or representative, shall pay weekly all moneys due each employee on a regular pay day, designated in advance by the employer, in cash, by negotiable checks or, upon an employee's written request, by credit to such employee's account in any bank which has agreed with the employer to accept such wage deposits.

"(b) The end of the pay period for which payment is made on a regular pay day shall be not more than eight days before such regular pay day,

claims that the court improperly failed to charge the jury that the state must prove that he was at least criminally negligent in failing to pay wages. Alternatively, the defendant argues that the statute is unconstitutionally vague. We disagree with the defendant's arguments and, accordingly, affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In May, 2000, the defendant founded a flooring business called A Plus Flooring. The defendant contacted the Hartford Areas Rally Together, Inc., jobs center, an employment agency in Hartford, looking to hire employees for the new company. The defendant eventually hired 129 individuals who were referred to him by the agency. The defendant agreed to pay those employees $15 per hour while being trained by and working for the defendant.[2] The employees filled out application forms and W-2 forms prior to commencing the training. The employees were trained for two weeks, but did not receive their first paychecks. They continued working for a short time, believing that they would get paid. The defendant, however, never paid the employees for their work, and the employees filed claims with the department of labor. The defendant eventually was convicted of eight counts of failure to pay wages in violation of § 31-71b.

I

The defendant first claims that the court violated his federal constitutional right to be convicted of the essential elements of the offense only as a result of proof that establishes guilt beyond a reasonable doubt. Specifically, the defendant argues that the court

provided, if such regular pay day falls on a nonwork day, payment shall be made on the preceding work day. . . ."

[2] A small number of those employees were hired as crew chiefs and were to be paid approximately $29 per hour.

improperly failed to charge the jury that the state was required to prove that he was at least criminally negligent to be convicted of the offense of failure to pay wages.[3] The defendant acknowledges that the statute articulates no mens rea element with respect to an employer's failure to pay wages to an employee; the defendant argues, however, that the court should have applied an interpretive presumption that the statute requires a mens rea of at least criminal negligence.

In *State* v. *Nanowski*, 56 Conn. App. 649, 746 A.2d 177, cert. denied, 252 Conn. 952, 749 A.2d 1203 (2000), and *State* v. *Merdinger*, 37 Conn. App. 379, 655 A.2d 1167, cert. denied, 233 Conn. 914, 659 A.2d 187 (1995), we rejected the argument that intent is an element of General Statutes § 31-71a et seq.[4] In those cases, we held, rather, that the failure to pay wages is a strict liability crime. "The statute is one of strict criminal liability designed to eradicate the evil of nonpayment of wages even though those without an evil purpose might end up ensnared in its net." (Internal quotation marks omitted.) *State* v. *Nanowski*, supra, 655. The defendant has not persuaded us that we should depart from our precedent. The defendant's claim, therefore, must fail.

## II

The defendant next argues that if the mens rea of criminal negligence is not an essential element of the crime of failure to pay wages, then the statute is uncon-

---

[3] In addition to arguing that the court violated his constitutional rights by failing to charge the jury that criminal negligence is an element of failure to pay wages, the defendant also argues that the court improperly failed to dismiss the case and to render a judgment of acquittal. Those claims also are based on the defendant's contention that criminal negligence is an essential element of the crime of failure to pay wages; we therefore consider those claims together.

[4] General Statutes § 31-71a et seq. are the general provisions regarding payment of wages.

stitutionally vague because the conduct that is not subject to strict liability in the statute is so broad and essential to everyday life that it may not be constitutionally prohibited. According to the defendant, the crime of failure to pay wages must have at least a mens rea of criminal negligence to avoid being void for vagueness. We disagree.

We upheld the constitutionality of the failure to pay wages statute in *State* v. *Merdinger*, supra, 37 Conn. App. 382, and *State* v. *Nanowski*, supra, 56 Conn. App. 657. In *Merdinger*, the defendant argued that § 31-71b is unconstitutional because it does not prescribe a requisite mens rea. The defendant argued that the statute passes constitutional muster only if it is read as requiring that the state prove an intent to do the prohibited act (nonpayment of wages). *State* v. *Merdinger*, supra, 382. We concluded in *Merdinger* that "this public welfare offense properly does not require a mens rea and imposes strict criminal liability." Id., 386. We further held that the defendant had failed to show by proof beyond a reasonable doubt that § 31-71b is unconstitutional. Id., 387.

In *State* v. *Nanowski*, supra, 56 Conn. App. 652, the defendant argued that § 31-71a et seq. was unconstitutional as applied to him because the increased penalty for conviction, from a misdemeanor to a felony, imposed by the 1993 amendments[5] to the statute, required that an inference of mens rea be read into General Statutes § 31-71c.[6] We rejected the defendant's

---

[5] See Public Acts 1993, No. 93-392, § 4.

[6] General Statutes § 31-71c provides in relevant part: "(a) Whenever an employee voluntarily terminates his employment, the employer shall pay the employee's wages in full not later than the next regular pay day, as designated under section 31-71b, either through the regular payment channels or by mail.

"(b) Whenever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such discharge. . . ."

argument, stating that "[n]either the United States Supreme Court nor our Supreme Court has held that the magnitude of the penalty determines the constitutionality of strict liability statutes." Id., 656. As we stated in *Nanowski*: "It is well established that a criminal statute is not necessarily unconstitutional because it imposes strict liability. [P]ublic policy may require that in the prohibition or punishment of particular acts it may be provided that he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance . . . . The constitutional requirement of due process is not violated merely because mens rea is not a required element of a prescribed crime." (Citation omitted; internal quotation marks omitted.) Id., 654–55. We concluded in *Nanowski* that the defendant had failed to prove that § 31-71a et seq. is unconstitutional. Id., 657.

The defendant has failed to persuade us that we should depart from our precedent that was established in *State* v. *Merdinger*, supra, 37 Conn. App. 379, and *State* v. *Nanowski*, supra, 56 Conn. App. 649.

The judgment is affirmed.

In this opinion the other judges concurred.